UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALPINE LASER CLINIC, INC.  )   Civil No.
   Plaintiff                )   05-11747RWZ
   v.                       )
CANDELA CORPORATION,       )
   Defendants               )

MAGISTRATE JUDGE _____

COMPLAINT AND JURY DEMAND

PARTIES AND JURISDICTION

1. The Plaintiff ALPINE LASER CLINIC, INC., (ALPINE) is a corporation duly organized and existing under the laws of the State of Colorado and having its principal place of business at 205 E. Chambers Ave., Eagle, CO 81631.

2. The Plaintiff is informed and believes that the Defendant CANDELA CORPORATION (CANDELA) is a corporation duly organized and existing under the laws of the State of Delaware and having its principal place of business at 530 Boston Post Road, Wayland, MA 01778.

3. The Plaintiff is a citizen of Colorado, and the Defendant is a citizen of both Delaware and Massachusetts. Accordingly, there is complete diversity of citizenship between all plaintiffs and all defendants.

4. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

5. All defendants reside within this District, and a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this District.

6. This court therefore has jurisdiction over this cause pursuant to 28 U.S.C. § 1332. Venue is proper in this District under 28 U.S.C. § 1391(a).

FACTS

7. On or about September 18, 2003, ALPINE purchased a dermatology laser (the Laser), model GentleLase with DCD Option, serial number 9914-0880-1127 from CANDELA.

8. The purchase of the Laser was pursuant to a so-called "Finance Lease" in which CANDELA agreed to deliver the Laser to ALPINE; ALPINE agreed to pay $92,261.44 to Sterling National Bank, a New York corporation (STERLING); and STERLING agreed to pay CANDELA $74,500.

9. The agreement between ALPINE and STERLING relative to the Laser included a Master Equipment Lease executed on May 24, 2000; certain personal guarantees by the principals of ALPINE; a Lease Schedule numbered 3219-02 executed by ALPINE on September 9, 2003 and by STERLING on October 2, 2003; an Addendum to Master Lease Agreement No. 3219-02 concerning the physical location at which ALPINE would keep the Laser; and a Purchase Option dated September 9, 2003, whereby ALPINE was to have the option to purchase the Laser at the end of the term of the so-called lease for $1.00 plus applicable taxes.

10. The Master Equipment Lease between ALPINE and STERLING included clauses placing the entire risk of loss, theft, destruction or damage to the Laser from any cause on ALPINE; permitting STERLING to demand payment in full of all sums denominated as rents upon certain defaults by ALPINE; and specifying the law of New York to govern construction of the lease.

11. ALPINE initially purchased a three-year extended warranty on the Laser from CANDELA. ALPINE and CANDELA later agreed to apportion two years of extended

warranty service to a different dermatology laser, previously purchased by ALPINE from CANDELA and not otherwise relevant to this action, and one year of extended warranty service to the Laser. As a result, ALPINE believed that it was entitled to warranty service on the Laser from CANDELA until September 9, 2005.

12. The Laser was installed on or about September 23, 2003, by persons designated by CANDELA at ALPINE's Avon, Colorado, location, at approximately 7,900 feet elevation above sea level.

13. ALPINE attempted to operate the Laser according to the instructions supplied by CANDELA. In particular, ALPINE used the Laser only in a room that, at the time of attempted operation, conformed to CANDELA's specifications concerning temperature and humidity. The Laser nonetheless never worked correctly. Each time ALPINE attempted to use the Laser with a patient, the Laser would spontaneously "purge" and cease operation after a few pulses. ALPINE was usually unable to reset the Laser on its own and therefore needed to wait for CANDELA's service technician to arrive and fix the problem. The operational problems with the Laser were so severe that ALPINE could not use it for patient procedures, and ALPINE stopped attempting to use it in December of 2003. ALPINE resumed attempts to use the Laser on June 14, 2004, at the request of CANDELA'S representative, but had the same problems on each attempt. CANDELA's service representatives were unable to reproduce the problem and never proferred any advice that permitted ALPINE to successfully use the Laser.

14. ALPINE wrote several letters to CANDELA between February 20, 2004, and March 30, 2004, in an effort to resolve the problems with the Laser. It never received any reply.

15. On or about January 25, 2005, ALPINE returned the Laser to CANDELA in care of Linda Trice at 530 Boston Post Road, Wayland, MA 01778, via Custompack & Shipping Service of Vail, CO, at a cost of $510.80. CustomPack has informed ALPINE that a person by name of Beaudoin accepted and signed for the return behalf of CANDELA on February 2, 2005, at 2:00 p.m.

16. Accompanying the returned Laser was a letter dated January 25, 2005, from David T. Bonfiglio, an Arizona attorney who was then representing ALPINE. The letter summarized the problems ALPINE had been having with the Laser and requested a replacement unit. ALPINE never received a reply to this letter. ALPINE is informed and believes that Attorney Bonfiglio never received a reply to this letter.

17. ALPINE wrote another letter directly to Gerard Puorro, CANDELA's President, on June 14, 2005 pleading for help with the problem. It has not, prior to the date of this complaint, received any reply.

COUNT 1
BREACH OF EXPRESS AND IMPLIED WARRANTIES

18. The Plaintiff repeats the allegations in paragraphs 1-17.

19. The Laser did not perform as expressly and implicitly warranted by CANDELA, whereby ALPINE suffered direct, consequential and incidental damages including but not limited to loss of sums expended to purchase the Laser, interest paid to STERLING, lost profits, unnecessary expenses (including labor and travel) connected with placing service calls and being present in Avon to receive the service technician, and damage to its credit rating.

COUNT 2
REVOCATION OF ACCEPTANCE

20. The Plaintiff repeats the allegations in paragraphs 1-17.

21. Despite its literal form, the arrangement between ALPINE and STERLING created a security interest in STERLING to secure payment of $92,261.44, such that Article 2 of the Uniform Commercial Code applies to the transaction between ALPINE and CANDELA, and Article 9 to the transaction between ALPINE and STERLING.

22. If ALPINE accepted the Laser, it did so in the belief that the Laser conformed to the representations and descriptions provided by CANDELA, before discovery that the Laser did not so conform, and in the belief that CANDELA would promptly cure any nonconformity that might be discovered.

23. The Laser did not perform as represented and described by CANDELA, and such failure to perform substantially impaired the value of the Laser to ALPINE.

24. If ALPINE accepted the Laser, it rightfully revoked its acceptance by returning the Laser to CANDELA on or about January 25, 2005, which date was within a reasonable time after it became apparent to ALPINE that CANDELA would be unable to repair the Laser to make it so conform and that CANDELA would not replace the Laser with a conforming substitute, and which date was before any substantial change in the condition of the Laser occurred which was not caused by the Laser's own defects.

25. If Alpine accepted the Laser, it is entitled by reason of its rightful revocation of acceptance to recover direct, consequential and incidental damages including but not limited to loss of sums expended to purchase the Laser, interest paid to STERLING, lost profits, unnecessary expenses (including labor and travel) connected with placing service calls and being present in Avon to receive the service technician, and damage to its credit rating.

COUNT 3
UNFAIR OR DECEPTIVE ACTS OR PRACTICES

26. The Plaintiff repeats the allegations in paragraphs 1-17.

27. CANDELA refused to provide warranty service for the Laser after September 9, 2004.

28. CANDELA failed to honor its warranty obligations to ALPINE and breached its implied obligation to deal fairly and in good faith with ALPINE, whereby ALPINE suffered direct, consequential and incidental damages including but not limited to loss of sums expended to purchase the Laser, interest paid to STERLING, lost profits, unnecessary expenses (including labor and travel) connected with placing service calls and being present in Avon to receive the service technician, and damage to its credit rating.

29. Such failure and breach by CANDELA occurred primarily and substantially at CANDELA's corporate headquarters in Massachusetts.

30. CANDELA thereby willfully or intentionally committed one or more acts, or engaged in a practice, that violate Mass. Gen. L. c. 93A, § 2.

COUNT 4
EQUITABLE RELIEF

31. The Plaintiff repeats the allegations in paragraphs 1-17.

32. ALPINE is entitled to require CANDELA to exonerate ALPINE's obligations to STERLING and to indemnify ALPINE from all claims and demands made by STERLING arising from any failure by ALPINE to make payments to STERLING in respect of the Laser.

RELIEF REQUESTED

-6-

WHEREFORE the Plaintiff demands judgment against the Defendant as follows: (1) on Counts 1 and 2, for actual damages (including direct, consequential and incidental damages) under Article 2 or Article 2A of the Massachusetts, New York, or Colorado Uniform Commercial Code, whichever may apply; and (2) on Count 3, for actual damages, double or treble damages, and attorney's fees pursuant to Mass. Gen. L. c. 93A, § 11. The Plaintiff further prays that this court might order the Defendant to exonerate the security or other interest held in the Laser by Sterling National Bank and to indemnify and save the Plaintiff harmless from any and all demands for payment by Sterling National Bank on account of the Laser.

The Plaintiff demands trial by jury on all issues triable as of right by jury.

Dated: August 24, 2005

ALPINE LASER CLINIC, INC., by its attorney,

*Walter Oney*

Walter Oney (BBO # 379795)
4 Longfellow Place
Boston, MA 02114
Tel: 617-227-5620
Fax: 617-227-5760

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Alpine Laser Clinic, Inc. v. Candela Corporation__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ☐ I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    ☐ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.             for patent, trademark or copyright cases

    ☑ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

    ☐ IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

    ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                             YES ☐    NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
                                                                             YES ☐    NO ☑
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                             YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                             YES ☐    NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                             YES ☑    NO ☐

    A. If yes, in which division do all of the non-governmental parties reside?
       Eastern Division  ☑        Central Division  ☐        Western Division  ☐

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division  ☐        Central Division  ☐        Western Division  ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                                             YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Walter Oney__
ADDRESS __4 Longfellow Place, Boston, MA 02114__
TELEPHONE NO. __617-227-5620__

(CategoryForm.wpd - 5/2/05)

≋JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Alpine Laser Clinic, Inc.

**DEFENDANTS**
Candela Corporation

(b) County of Residence of First Listed Plaintiff  Eagle, CO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Middlesex, MA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Walter Oney, 4 Longfellow Place, Boston, MA 02114
617-227-5620

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332
Brief description of cause:
Breach of warranty

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 90,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE  08/24/2005
SIGNATURE OF ATTORNEY OF RECORD
/s/ Walter Oney

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____