# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Alpine Laser Clinic, Inc. )
             Plaintiff, )
   vs. )
                            )               **Civil Action No. 05-11747-RWZ**
                            )
Candela Corporation )
             Defendant )

## ANSWER OF DEFENDANT

Now comes Defendant, Candela Corporation ("Candela"), through it's undersigned counsel, and responds to the Complaint of Alpine Laser Clinic, Inc. ("Alpine"), as follows:

## ANSWERS TO ALLEGATIONS
## REGARDING PARTIES AND JURISDICTION

1.   Candela is without information sufficient to admit or deny the allegations contained in Paragraph 1 of the Complaint.

2.   Candela admits the allegation contained in Paragraph 2 of the Complaint.

3.   Candela admits corporate citizenship in Massachusetts and Delaware for purposes of 28 U.S.C. §1332, however, is without information sufficient to admit or deny the remaining allegations contained in Paragraph 3 of the Complaint.

4.   Candela denies the allegation contained in Paragraph 4 of the Complaint.

5.   Candela admits residing within this District, however, neither admits nor denies the remaining allegations contained in Paragraph 5 of the Complaint as "substantial part" is a vague phrase, calling on plaintiff to prove same.

6.   Paragraph 6 of the Complaint contains a legal conclusion to which no answer is required.

## ANSWERS TO FACTUAL ALLEGATIONS

7.  Candela admits that Alpine purchased the referenced laser (the "Laser"), however, denies the such purchase occurred "on or about September 18, 2003" as alleged in Paragraph 7 of the Complaint.

8.  Candela is without information sufficient to admit or deny the allegations contained in Paragraph 8 of the Complaint, further stating that the terms of Alpine's purchase of the Laser were governed by a written agreement between the parties hereto.

9.  Candela is without information sufficient to admit or deny the allegations contained in Paragraph 9 of the Complaint.

10. Candela is without information sufficient to admit or deny the allegations contained in Paragraph 10 of the Complaint.

11. Candela admits that Alpine purchased a three year warranty on the Laser and denies the allegations insofar as they allege that said three-year warranty was in addition to another warranty period.  Candela further states that it agreed to allocate two years of said three-year warranty to another laser previously purchased by Alpine.  Candela can neither admit nor deny Alpine's belief with regard to allocation of warranty service, however, denies any allegation that Alpine was entitled to warranty service on the Laser until September 9, 2005.

12. Candela admits that the Laser was installed, however, states that the installation date was July 31, 2003.  Candela is without information sufficient to admit or deny the remaining allegations contained in Paragraph 12 of the Complaint.

13. Candela denies Alpine's allegation that the Laser never worked correctly and admits that its representatives were unable to reproduce problems alleged by Alpine,  Candela further denies that its service representative "never proferred any advice that permitted Alpine to successfully use the Laser":  Candela is without information sufficient to admit or deny the

remaining allegations contained in Paragraph 13, all of which portray events occurring on Alpine's premises.

14. Candela denies the allegations contained in Paragraph 14 of the Complaint, further stating that it is aware of two (2) letters being received directly from Alpine, one dated November 6, 2003, and the other dated June 14, 2005.

15. Candela denies that allegations contained in Paragraph 15 of the Complaint insofar as the dates of shipping and receipt are incorrect, further stating that Candela received an unmarked shipping crate and an unmarked box on February 22, 2005, both sent by "Custompack & Shipping Service". Candela learned that the aforementioned crate contained the Laser and did not open the box at the time.

16. Candela admits that a letter from Attorney Bonfiglio, dated January 27, 2005, was contained in the above-referenced box, further stating that it first discovered said letter on September 22, 2005. Accordingly, Candela denies that any demand sent by Attorney Bonfiglio was not sent via such channels as to constitute any acceptable notice, if any such notice is alleged, thus denying receipt of any demand from Attorney Bonfiglio prior to Alpine instituting this lawsuit.

17. Candela admits the allegations contained in Paragraph 17 of the Complaint.

## COUNT 1
## BREACH OF EXPRESS AND IMPLIED WARRANTIES

18. Candela repeats and incorporates all of the responses made to Paragraphs 1 through 17, above, as though fully restated herein.

19. Candela denies the allegations contained in Paragraph 18 of the Complaint.

## COUNT 2
## REVOCATION OF ACCEPTANCE

20. Candela repeats and incorporates all of the responses made to Paragraphs 1 through 17, above, as though fully restated herein.

21. Paragraph 21 of the Complaint contains a legal conclusion to which no answer is required.

22. Candela is without information sufficient to admit or deny those allegations in Paragraph 10 of the Complaint insofar as they allege Alpine's beliefs. Candela further denies the allegations of this paragraph which may suggest that the Laser did not properly perform or that Candela failed to promptly address issues which may have been raised by Alpine.

23. Denied.

24. Candela denies the allegations contained in Paragraph 24 of the Complaint, further stating that any actions by Alpine did not constitute a rightful revocation of its acceptance of the Laser. Candela further states that any warranty applicable to the Laser had expired in July, 2004.

25. Candela denies the allegations contained in Paragraph 25 of the Complaint, further stating that any actions by Alpine did not constitute a rightful revocation of its acceptance of the Laser.

**COUNT 3**
**UNFAIR OR DECEPTIVE ACTS OR PRACTICE**

26. Candela repeats and incorporates all of the responses made to Paragraphs 1 through 17, above, as though fully restated herein.

27. Candela denies refusal to provide service, further stating that any warranty on the Laser had expired by September 9, 2004.

28. Candela denies the allegations contained in Paragraph 28 of the Complaint.

29. Candela denies the allegations contained in paragraph 29 of the Complaint.

30. Candela denies the allegations contained in Paragraph 30 of the Complaint.

## COUNT 4
## EQUITABLE RELIEF

31. Candela repeats and incorporates all of the responses made to Paragraphs 1 through 17, above, as though fully restated herein.

32. Candela denies the allegations contained in Paragraph 32 of the Complaint.


## <u>AFFIRMATIVE DEFENSES</u>

### First Affirmative Defense

The Plaintiff fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Plaintiff's claims are barred by reason of unclean hands.

### Third Affirmative Defense

The Plaintiff's claims are barred by a disclaimer and/or limitation of warranties alleged.

### Fourth Affirmative Defense

The Plaintiff's claims are barred by the expiration of warranties alleged.

### Fifth Affirmative Defense

The Plaintiff failed to mitigate any damages claimed.

### Sixth Affirmative Defense

The Plaintiff is estopped to pursue or has waived his claim by his own acts, conduct, deeds and representations.

### Seventh Affirmative Defense

The Defendant is not responsible for the Plaintiff's obligations to a third party, as alleged.

### Eighth Affirmative Defense

The Plaintiff's claims fail for lack of jurisdiction pursuant to 28 U.S.C. §1332.

### Ninth Affirmative Defense

The Defendant acted in accordance with any responsibilities owed to the Plaintiff, contractual or otherwise.

### Tenth Affirmative Defense

The Defendant's conduct did not violate MGL Chapter 93A.

### Eleventh Affirmative Defense

The Plaintiff has alleged no conduct occurring primarily and substantially within Massachusetts which violates MGL Chapter 93A.

**WHEREFORE**, defendant Candela Corporation prays that this Court:

a. **dismiss the Complaint with prejudice;**
b. **award Candela its cost, expenses and reasonable attorney's fees incurred in defending this action; and**
c. **Grant such other and further relief as the Court deems just and reasonable.**

Candela Corporation,
By his attorneys:

William M. Zall, BBO #554135
CUNNINGHAM, MACHANIC,
CETLIN, JOHNSON, & HARNEY LLP
220 North Main Street
Natick, MA 01760
TEL:(508) 651-7524
FAX:(508) 653-0119

Dated: _Sep 30, 2005_

242598